UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LEE BETZ,<br><br>Petitioner,<br><br>v.<br><br>HUNTER ANGLEA,<br><br>Respondent. | No. 2:19-cv-00681-MCE-CKD<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis in this federal habeas corpus action filed pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss the habeas petition because all the claims therein have not been properly exhausted. ECF No. 12. Petitioner has filed an opposition to the motion. ECF No. 14. Therefore, the matter has been fully briefed by the parties. For the reasons explained below, the undersigned recommends granting respondent's motion to dismiss.

**I.    Factual and Procedural Background**

Following a jury trial in the Sacramento County Superior Court, petitioner was convicted of 18 counts of lewd and lascivious acts on his stepdaughter who was under the age of fourteen. ECF No. 1 at 7. On August 26, 2016, he was sentenced to 42 years in prison. ECF No. 1 at 1, 9.

In his habeas corpus application, petitioner raises five claims for relief. First, he asserts that the trial court violated his right to due process by failing to instruct prospective jurors not to

1

engage in independent research. ECF No. 1 at 4. This error was compounded when the trial court refused to strike the entire jury panel once a prospective juror made a statement concerning the independent research he conducted. Id. In his second claim for relief, petitioner contends that the trial court violated due process by instructing the jury that it could consider expert testimony as evidence that his stepdaughter was telling the truth. Id. Petitioner raises a separate clam for relief arguing that the trial court's jury instruction errors resulted in cumulative prejudice. ECF No. 1 at 5. Petitioner next asserts that his trial lawyer was ineffective for urging the trial court to instruct the jury to continue deliberating after it deadlocked. Id. Lastly, petitioner contends that trial counsel was ineffective for requesting CALCRIM No. 3351, which has been referred to as "the firecracker instruction," in an effort to obtain a verdict from the jury rather than a mistrial on Count 12. Id., see also ECF No. 13-13 at 2 (trial court order denying state habeas petition on same claim).

According to petitioner, all of these claims for relief were presented on direct appeal to the California Court of Appeal as well as the California Supreme Court. ECF No. 1 at 2. Petitioner also submitted his last claim for relief via habeas corpus petitions in the Sacramento County Superior Court as well as the California Court of Appeal. See ECF No. 13-12 (petition for writ of habeas corpus filed in the Sacramento County Superior Court); ECF No. 13-14 (petition for writ of habeas corpus filed in the California Court of Appeal).

On July 26, 2019, respondent filed a motion to dismiss arguing that petitioner "has not shown that any of his five claims for relief have been exhausted" in state court. ECF No. 12 at 3. This argument was based in large part on respondent's inability to obtain a copy of the petition for review filed in the California Supreme Court. Id. at 3.

In opposition, petitioner filed a copy of his petition for review ("PFR") filed in the California Supreme Court.[1] See ECF No. 14 at 5-10. In this PFR, petitioner requests the California Supreme Court to "review [the] case for errors pertaining to [the] original grounds of appeal." ECF No. 14 at 7. This is the only claim for relief listed in the PFR. Petitioner does not

---

[1] Hereinafter referred to as the "PFR."

2

provide any additional supporting facts or legal argument in the petition itself. Moreover, it is not even apparent from the record whether petitioner attached a copy of his opening brief in the California Court of Appeal to apprise the court of the "original grounds of appeal."

**II.     Legal Standards on Exhaustion**

Pursuant to Rule 4 of the Rules Governing Section 2254 Petitions, respondent may file an "answer, motion, or other response." The Ninth Circuit has specifically approved of the use of a motion to dismiss rather than an answer in cases where it is alleged that petitioner has failed to exhaust state court remedies. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989). A federal court must dismiss a federal habeas petition that contains any unexhausted claim for relief. See Rhines v. Webber, 544 U.S. 269, 273 (2005).

As an antecedent to relief, petitioner must either have exhausted all available state court remedies with respect to each claim in the habeas petition, establish that no state remedy remains available to correct the error, or that "circumstances exist that render such process ineffective to protect the rights of the applicant." See 28 U.S.C. § 2254(b)(1); see also Rose v. Lundy, 455 U.S. 509, 515-16 (1982). Exhaustion of state court remedies requires "full and fair presentation" of the federal constitutional issue to the state's highest court. See Picard v. Connor, 404 U.S. 270, 275 (1971).

In Castillo v. McFadden, 399 F.3d 993, 1000 (2005), the Ninth Circuit concluded that a petitioner must present his federal constitutional claim "within the four corners" of the appellate briefs to the highest state court in order to properly exhaust any federal habeas claim. Moreover, the Supreme Court has held that "ordinarily a state prisoner does not "fairly present" a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 32 (2004).

**III.    Analysis**

In this case, petitioner's only effort to exhaust his claims in the California Supreme Court was a request that the court "[r]eview [the] case for errors…." ECF No. 14 at 7. There is no

indication in the record that petitioner even attached a copy of his appellate briefs to this petition for review. Even if this court assumes that petitioner attached such briefs and attempted to incorporate them by reference into his petition for review, that would still not satisfy the exhaustion requirement.[2] See Gatlin v. Madding, 189 F.3d 882, 888-89 (9th Cir. 1999) (refusing to review petitioner's briefs filed in the California Court of Appeal because "we may not rely on them in evaluating whether Gatlin has exhausted his state court remedies."). In Farmer v. Baldwin, 563 F.3d 1042, 1044 (2009), the Ninth Circuit emphasized that a federal claim is properly exhausted in the state's highest court only when it is raised in a procedurally correct manner that complies with appellate rules and involves a "permissible method of raising an issue."[3] In this case, petitioner's entire grounds for relief in his petition for review before the California Supreme Court consisted of one sentence requesting that the court "[r]eview [the] case for errors pertaining to [the] original grounds of appeal." ECF No. 14 at 7. Petitioner did not even cite to any specific portion of his opening brief on appeal in the California Court of Appeal. Compare Murphy v. Smith, 1997 WL 765956 at *2 (N.D. Cal. 1997) (finding ineffective assistance of counsel claims properly exhausted in state court where petitioner requested the California Supreme Court to consider certain pages of his opening brief on appeal to the Court of Appeal); and Vasquez v. Pliler, 2010 WL 2178954 *8 (S.D. Cal. 2010) (finding federal habeas claims properly exhausted when petitioner incorporated by reference all of his co-petitioners' arguments); with McIntosh v. People of California, 2010 WL 3070422 *4 (C.D. Cal. 2010) (finding all federal habeas corpus claims unexhausted because petitioner merely directed the

---

[2] See Cal. Rules of Court, Rule 8.504(e)(3)(stating that "[n]o incorporation by reference is permitted except a reference to a petition, an answer, or a reply filed by another party in the same case or filed in a case that raises the same or similar issues and in which a petition for review is pending or has been granted.").

[3] In Farmer, the Ninth Circuit found petitioner's claim properly exhausted following the Oregon Supreme Court's response to a certified question concerning whether an issue raised by means of an attachment to an appellate brief complied with state appellate rules. See Farmer, 563 F.3d at 1044 (explaining that the Oregon Supreme Court responded that "[u]nder O[regon] R[ule of] A[ppellate] P[rocedure] 5.90, a petitioner may present a question of law to this court by means of an attachment to a Balfour brief filed in the Court of Appeals, when the attachment serves as Section B of said brief, and the petitioner incorporates that same brief by reference into his petition for review.").

4

California Supreme Court to "review all the issues previously raised in supplemental brief or appeal brief to the 2nd Appellate Court") and Snodgrass v. Curry, 2010 WL 329965, at *3 (N.D. Cal. 2010) (finding federal claims unexhausted because the California Supreme Court "would not have relied on arguments that were made by petitioner in his appellate brief but not in his petition for review."). Therefore, the undersigned recommends granting respondent's motion to dismiss the federal habeas petition because all of the claims are unexhausted. See Coleman v. Thompson, 510 U.S. 722, 731 (1991) (stating that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.").

**IV.    Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the motion to dismiss and the arguments made in opposition, the court has determined that the claims in the federal habeas petition are unexhausted because they were not properly presented to the California Supreme Court. As a result, the undersigned is recommending that your petition be dismissed without prejudice. If you disagree with this outcome, you have 14 days to explain why it is not correct. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice as wholly unexhausted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 25, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/betz0681.mtd.exhaust.docx