1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD LEE BETZ,                          No.  2:19-cv-00681-MCE-CKD

12                  Petitioner,

13        v.                                    FINDINGS AND RECOMMENDATIONS

14   HUNTER ANGLEA,

15                  Respondent.

16

17        Petitioner is a state prisoner proceeding pro se and in forma pauperis in this habeas corpus

18   action filed pursuant to 28 U.S.C. § 2254.  For the reasons explained below, the undersigned

19   recommends sua sponte dismissing petitioner's habeas application based on his failure to exhaust

20   state court remedies.

21        **I.      Factual and Procedural History**

22        Following a jury trial in the Sacramento County Superior Court, petitioner was convicted

23   of 18 counts of lewd and lascivious acts on his stepdaughter who was under the age of fourteen.

24   ECF No. 1 at 7.  On August 26, 2016, he was sentenced to 42 years in prison.  ECF No. 1 at 1, 9.

25        In his habeas corpus application, petitioner raises five claims for relief.  First, he asserts

26   that the trial court violated his right to due process by failing to instruct prospective jurors not to

27   engage in independent research.  ECF No. 1 at 4.  This error was compounded when the trial

28   court refused to strike the entire jury panel once a prospective juror made a statement concerning

the independent research he conducted.  Id.  In his second claim for relief, petitioner contends that the trial court violated due process by instructing the jury that it could consider expert testimony as evidence that his stepdaughter was telling the truth.  Id.  Petitioner raises a separate clam for relief arguing that the trial court's jury instruction errors resulted in cumulative prejudice.  ECF No. 1 at 5.  Petitioner next asserts that his trial lawyer was ineffective for urging the trial court to instruct the jury to continue deliberating after it deadlocked.  Id.  Lastly, petitioner contends that trial counsel was ineffective for requesting CALCRIM No. 3351 which has been referred to as "the firecracker instruction" in an effort to obtain a verdict from the jury rather than a mistrial on Count 12.  Id., see also ECF No. 13-13 at 2 (trial court order denying state habeas petition on same claim).

According to petitioner, all of these claims for relief were presented on direct appeal to the California Court of Appeal as well as the California Supreme Court.  ECF No. 1 at 2.  Petitioner also submitted his last claim for relief via habeas corpus petitions in the Sacramento County Superior Court as well as the California Court of Appeal.  See ECF No. 13-12 (petition for writ of habeas corpus filed in the Sacramento County Superior Court); ECF No. 13-14 (petition for writ of habeas corpus filed in the California Court of Appeal).

On July 26, 2019, respondent filed a motion to dismiss arguing that petitioner "has not shown that any of his five claims for relief have been exhausted" in state court.  ECF No. 12 at 3.  This argument was based in large part on respondent's inability to obtain a copy of the petition for review filed in the California Supreme Court.  Id. at 3.

In opposition to the motion, petitioner filed a copy of his petition for review filed in the California Supreme Court.[1]  See ECF No. 14 at 5-10.  In this PFR, petitioner requests the California Supreme Court to "review [the] case for errors pertaining to [the] original grounds of appeal."  ECF No. 14 at 7.  This is the only claim for relief listed in the PFR.  Petitioner does not provide any additional supporting facts or legal argument in the petition itself.  Moreover, it is not even apparent from the record whether petitioner attached a copy of his opening brief in the

_____

[1] Hereinafter referred to as the "PFR."

1    California Court of Appeal to apprise the court of the "original grounds of appeal."

2        While the court issued Findings and Recommendations with respect to respondent's

3    motion to dismiss, these Findings were vacated based on respondent's request to withdraw the

4    motion.  ECF Nos. 15, 22.  Respondent was then ordered to show cause whether the exhaustion of

5    state court remedies was being expressly waived in this case pursuant to 28 U.S.C.

6    § 2254(b)(3).  ECF No. 22 at 2.  On February 10, 2020, the Deputy Attorney General assigned to

7    this matter filed a response to the show cause order indicating that the exhaustion of state court

8    remedies was not being expressly waived.  ECF No. 23 at 1.  Respondent further indicated that he

9    was prepared to respond to the merits of petitioner's federal habeas claims.  Id. at 2.

10       **II.    Legal Standards**

11       Federal law requires any habeas claim to be presented first to the state courts in order to

12   correct any constitutional error.  See 28 U.S.C. § 2254(b)(1)(A); see also Rose v. Lundy, 455 U.S.

13   509, 515-16 (1982)(explaining why federal habeas petitioners must exhaust claim by giving state

14   courts the first opportunity to correct constitutional error); O'Sullivan v. Boerckel, 526 U.S. 838,

15   845 (1999) (explaining that exhaustion requires the completion of "one complete round" of state

16   court review).  Exhaustion of state court remedies requires "full and fair presentation" of the

17   federal constitutional issue to the state's highest court.  See Picard v. Connor, 404 U.S. 270, 275

18   (1971).  A federal court must dismiss a federal habeas petition that contains any unexhausted

19   claim for relief.  See Rhines v. Webber, 544 U.S. 269, 273 (2005).

20       In Castillo v. McFadden, 399 F.3d 993, 1000 (2005), the Ninth Circuit concluded that a

21   petitioner must present his federal constitutional claim "within the four corners" of the appellate

22   briefs to the highest state court in order to properly exhaust any federal habeas claim.  Moreover,

23   the Supreme Court has held that "ordinarily a state prisoner does not "fairly present" a claim to a

24   state court if that court must read beyond a petition or a brief (or a similar document) that does

25   not alert it to the presence of a federal claim in order to find material, such as a lower court

26   opinion in the case, that does so."  Baldwin v. Reese, 541 U.S. 27, 32 (2004).

27       **III.    Analysis**

28       In this case, petitioner's only effort to exhaust his claims in the California Supreme Court

3

1  was a request that the court "[r]eview [the] case for errors…" contained in his Petition for

2  Review.  ECF No. 14 at 7.  There is no indication in the record that petitioner even attached a

3  copy of his appellate briefs to this petition for review.  Even if this court assumes that petitioner

4  attached such briefs and attempted to incorporate them by reference into his petition for review,

5  that would still not satisfy the exhaustion requirement.[2]  See Gatlin v. Madding, 189 F.3d 882,

6  888-89 (9th Cir. 1999) (refusing to review petitioner's briefs filed in the California Court of

7  Appeal because "we may not rely on them in evaluating whether Gatlin has exhausted his state

8  court remedies.").  In Farmer v. Baldwin, 563 F.3d 1042, 1044 (2009), the Ninth Circuit

9  emphasized that a federal claim is properly exhausted in the state's highest court only when it is

10  raised in a procedurally correct manner that complies with appellate rules and involves a

11  "permissible method of raising an issue."[3]  In this case, petitioner's entire grounds for relief in his

12  petition for review before the California Supreme Court consisted of one sentence requesting that

13  the court "[r]eview [the] case for errors pertaining to [the] original grounds of appeal."  ECF No.

14  14 at 7.  Petitioner did not even cite to any specific portion of his opening brief on appeal in the

15  California Court of Appeal.  Compare Murphy v. Smith, 1997 WL 765956 at *2 (N.D. Cal. 1997)

16  (finding ineffective assistance of counsel claims properly exhausted in state court where

17  petitioner requested the California Supreme Court to consider certain pages of his opening brief

18  on appeal to the Court of Appeal); and Vasquez v. Pliler, 2010 WL 2178954 *8 (S.D. Cal. 2010)

19  (finding federal habeas claims properly exhausted when petitioner incorporated by reference all

20  of his co-petitioners' arguments); with McIntosh v. People of California, 2010 WL 3070422 *4

21

22  [2]  See Cal. Rules of Court, Rule 8.504(e)(3)(stating that "[n]o incorporation by reference is
    permitted except a reference to a petition, an answer, or a reply filed by another party in the same
23  case or filed in a case that raises the same or similar issues and in which a petition for review is
    pending or has been granted.").
24  [3] In Farmer, the Ninth Circuit found petitioner's claim properly exhausted following the Oregon
    Supreme Court's response to a certified question concerning whether an issue raised by means of
25  an attachment to an appellate brief complied with state appellate rules.  See Farmer, 563 F.3d at
    1044 (explaining that the Oregon Supreme Court responded that "[u]nder O[regon] R[ule of]
26  A[ppellate] P[rocedure] 5.90, a petitioner may present a question of law to this court by means of
    an attachment to a Balfour brief filed in the Court of Appeals, when the attachment serves as
27  Section B of said brief, and the petitioner incorporates that same brief by reference into his
    petition for review.").
28

4

(C.D. Cal. 2010) (finding all federal habeas corpus claims unexhausted because petitioner merely directed the California Supreme Court to "review all the issues previously raised in supplemental brief or appeal brief to the 2nd Appellate Court") and Snodgrass v. Curry, 2010 WL 329965, at *3 (N.D. Cal. 2010) (finding federal claims unexhausted because the California Supreme Court "would not have relied on arguments that were made by petitioner in his appellate brief but not in his petition for review.").  As a result, the undersigned finds that while petitioner pursued his state court remedies by filing a petition for review in the California Supreme Court, he failed to properly exhaust his federal constitutional claims presented in the instant habeas petition. Petitioner's federal habeas application is wholly unexhausted.  Therefore, the undersigned recommends sua sponte dismissing the federal habeas petition without prejudice because all of the claims are unexhausted.[4]  See Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998) (finding that the court may sua sponte raise exhaustion problems and summarily dismiss a habeas petition for lack of exhaustion); Coleman v. Thompson, 510 U.S. 722, 731 (1991) (stating that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.").

### IV.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your federal habeas petition and has concluded that you failed to properly exhaust your state court remedies.  As a result, the court is not requiring the respondent to file an answer on the merits of your claims.  Instead, the undersigned is recommending that your federal habeas petition be dismissed without prejudice and your case closed.

If you disagree with this recommendation, you may file a written explanation why it is

---

[4] While the court would have proceeded to the merits of petitioner's § 2254 claims in the event that respondent expressly waived the exhaustion requirement, it will not waste valuable court resources addressing the merits when the only possible outcome is a denial of relief.  Compare 28 U.S.C. § 2254(b)(3) (stating that the "State shall not be deemed to have waived the exhaustion requirement… unless the State, through counsel, expressly waives the requirement) with 28 U.S.C. § 2254(b)(2) (emphasizing that a habeas corpus petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust" state court remedies).

1   wrong within 30 days of the date of this order.  Label your explanation as "Objections to

2   Magistrate Judge's Findings and Recommendations."  The district court judge assigned to your

3   case will review this order along with any objections that are filed and make the final decision in

4   your case.

5          Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of

6   habeas corpus be dismissed without prejudice as wholly unexhausted.

7          These findings and recommendations are submitted to the United States District Judge

8   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after

9   being served with these findings and recommendations, any party may file written objections with

10  the court and serve a copy on all parties.  Such a document should be captioned "Objections to

11  Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address

12  whether a certificate of appealability should issue in the event he files an appeal of the judgment

13  in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must

14  issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

15  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability

16  "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether

17  the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it

18  debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris

19  v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484

20  (2000)).   Any response to the objections shall be served and filed within fourteen days after

21  service of the objections.  The parties are advised that failure to file objections within the

22  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

23  F.2d 1153 (9th Cir. 1991).

24  Dated:  June 25, 2020

25  _____
    CAROLYN K. DELANEY
26  UNITED STATES MAGISTRATE JUDGE

27  12/betz0681.dismiss.exhaust.docx

28                                    6